UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN LANIGAN

                        Plaintiff,                  16 Civ.

      -against-                                  <u>COMPLAINT</u>

METRO-NORTH COMMUTER RAILROAD,

                        Defendant.
------------------------------------------------------------X

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>

      Plaintiff, by his attorneys, The Maurer Law Firm, PLLC, complains of the Defendant and alleges:

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

      <u>FIRST</u>:  This action is brought under the Federal Employers' Liability Act (45 U.S.C. Sec. 51 et seq.).

      <u>SECOND</u>:  The Defendant is a corporation engaged in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other states.

      <u>THIRD</u>:  At the time the plaintiff received the injuries complained of, and at all times hereinafter mentioned, the defendant employed the plaintiff as an Assistant Signal Inspector under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

      <u>FOURTH</u>:  At the time the plaintiff received the injuries complained of, and at all times hereinafter mentioned, the defendant maintained, operated and controlled a line of railroad known as the Hudson Division Line, which contained defendant's shops, tracks, bridges, rails,

switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the Defendant operated engines, trains and cars under its control and direction.

FIFTH:   That on or about July 8, 2015 at the time plaintiff received the injuries complained of, plaintiff, an employee of the defendant, was performing his assigned duties as an Assistant Signal Inspector in furtherance of interstate commerce or in work closely or substantially affecting the same, and was manually reverse cranking the 21A switch in the vicinity of Control Point 72 in Poughkeepsie, N.Y. on Defendant's Hudson Division Line, when he felt a sudden sharp pain in his neck and the upper left side of his back and later that day experienced a sharp deep aching pain in his left arm.

SIXTH:   That on or about July 8, 2015, while the Plaintiff, an employee of the Defendant, was performing his assigned duties as an Assistant Signal Inspector on the 21A switch in the vicinity of Control Point 72 in Poughkeepsie, N.Y. on Defendant's Hudson Division Line, defendant, its agents, servants and employees, negligently and carelessly conducted themselves toward the Plaintiff in failing to provide Plaintiff with a reasonably safe place to work; in failing to provide proper supervision; in failing to provide necessary tools and equipment for plaintiff to perform his assigned duties; in failing to provide a Reducer for the Model 5, 21A switch machine which plaintiff requested before the date of injury; in failing to replace the 21A switch; and, in failing and neglecting to enact and enforce safety, operating and maintenance rules, regulations, procedures, and practices for activities carried out by its personnel at the said place which would have prevented plaintiff's injury, and that all of the foregoing brought about severe and disabling injuries to the Plaintiff.

SEVENTH:   As a result of said injuries, plaintiff sustained: Cervical sprain/strain; Brachial Neuritis; segmental dysfunction of the Cervical spine and Thoracic spine; herniated

Cervical and Thoracic discs; Cervical and Thoracic radiculopathy; left shoulder sprain/strain and has suffered lost wages and benefits, impairment to earning capacity, medical expenses, pain, suffering, mental anguish and disfigurement.

## AS AND FOR A SECOND CAUSE OF ACTION

EIGHTH: This action is brought under the Federal Employers' Liability Act (45 U.S.C. Sec. 51 et seq.).

NINTH: The Defendant is a corporation engaged in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other states.

TENTH: At the time the plaintiff received the injuries complained of, and at all times hereinafter mentioned, the defendant employed the plaintiff as an Assistant Signal Inspector under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

ELEVENTH: At the time the plaintiff received the injuries complained of, and at all times hereinafter mentioned, the defendant maintained, operated and controlled a line of railroad known as the Hudson Division Line, and which contained defendant's shops, storage compounds, tracks, bridges, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the Defendant operated engines, trains and cars under its control and direction.

TWELFTH: That on or about February 22, 2016, at the time plaintiff received the injuries complained of, plaintiff, an employee of the defendant, was performing his assigned duties as an Assistant Signal Inspector in furtherance of interstate commerce or in work closely or substantially affecting the same, at defendant's Poughkeepsie, N.Y. Track department

3

storage compound on Defendant's Hudson Division Line and was asked to drill a 136 pound insulated joint for the Track department.  As plaintiff was standing near a boom truck in the storage compound, the boom operator, without warning, started lifting and removing an insulated joint located in the boom truck.  As plaintiff attempted to clear the unloading area while observing the insulated joint that was being lifted overhead, plaintiff tripped over a railroad tie that was sticking out approximately 5 feet from a pile of insulated joints that were stored on top of railroad ties in the storage compound, causing plaintiff to fall backwards, and strike his right wrist.

THIRTEENTH:  That on or about February 22, 2016, while the Plaintiff, an employee of the Defendant, was performing his assigned duties as an Assistant Signal Inspector in the vicinity of defendant's Poughkeepsie, N.Y. Track department storage compound on Defendant's Hudson Division Line, defendant, its agents, servants and employees, negligently and carelessly conducted themselves toward the Plaintiff in failing to provide Plaintiff with a reasonably safe place to work; in failing to provide proper supervision; in failing to warn plaintiff that the boom operator was going to commence lifting the insulated joint out of the boom truck; in failing to  allow plaintiff sufficient time to clear the unloading area before removing the insulated joint from the boom truck; in creating and maintaining a tripping hazard, to wit, a railroad tie that was unsafely sticking out approximately 5 feet from a pile of insulated joints that were stored on top of railroad ties in the storage compound, creating a dangerous tripping hazard; and, in failing and neglecting to enact and enforce safety, operating and maintenance rules, regulations, procedures, and practices for activities carried out by its personnel at the said place which would have prevented plaintiff's injury, and that all of the foregoing brought about severe and disabling injuries to the Plaintiff.

FOURTEENTH: As a result of said injuries, plaintiff sustained: a right wrist intra-articular three-part distal radius fracture that required surgery in the form of an open reduction with internal fixation; and, has suffered lost wages and benefits, impairment to earning capacity, medical expenses, permanent disfigurement, pain, suffering and mental anguish.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant railroad, plaintiff demands a jury verdict and judgment against the defendant railroad on the first cause of action in the amount of ONE MILLION ($1,000,000.00) DOLLARS; plaintiff demands a jury verdict and judgment against the defendant railroad on the second cause of action in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and plaintiff demands costs and post-judgment interest in addition to any further relief which the Court deems just and equitable.

Dated: Fishkill, New York
September 22, 2016

THE MAURE LAW FIRM, PLLC
Attorneys for Plaintiff

By: _____ # IM0337
Ira M. Maurer, Esq.
300 Westage Business Center Drive, Suite 360
Fishkill, N.Y. 12524
(845) 896-5295